The opinion of the Court was delivered by
Colcook, J.
By the Act of 1185, (P. L. 398, 1 Brev. Dig. Ill,)[2] directing the paper medium loan, a form of the mortgages to be given, is prescribed, and it is declared that they shall be considered as recorded. Upon the execution of that mortgage, the fee passed from Isaac Huger to the State, and the,record of the mortgage was notice to all the world. This is to be considered as a case between the public and Mr. Kennedy, or his trustee, S. Glover. There was no interest in Huger at the time the execution was levied. The mortgage had been foreclosed according to the terms of the act, and the equity of redemption had passed out of Huger ; and as between the real parties, the deed of the public was first recorded, and according to the provisions of the Act of 1698, must be preferred to that of Kennedy.[3] But if there could be a doubt, as to this, the defendant certainly cannot be permitted to question the plaintiff’s title on this ground, when he was fully apprised of it.[4] Motion refused.
Grimke, Cheves, Gantt, and Johnson, JJ., concurred.

 4 Stat. 116, § 14.

 See Bank v. Ross, el al., 3 Strob. Eq. 245, as to mortgages to the Bank of the State of South Carolina being considered as recorded from their date.

 See Tart v. Crawford, 1 McC., 266, and note pp. 6 Rich. 453.